## TURNER v. LAUTER PIANO CO. et al.

### (District Court, D. New Jersey. January 25, 1917.)

### No. 35.

PATENTS ⊕⇒321—SUITS—DECREE—REOPENING.

Where after decree had been directed dismissing a suit for infringement of a patent defendants asked to reopen the case for additional testimony to show an abatement of the suit by the assignment of the patents to a corporation, and the corporation filed a petition of intervention but the date of the assignment did not appear, and its effect on the right to recover for infringement was not shown, but it did appear that the assignee was incorporated some time before the decree, and that plaintiff was one of the original directors, the applications will be denied, because unreasonably delayed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 742–745; Dec. Dig. ⊕⇒321.]

In Equity. Suit by Claude A. P. Turner against the Lauter Piano Company and others. On motion by defendants to reopen the case for further testimony after decree had been directed (236 Fed. 252). Motion denied.

Charles J. Williamson, of Washington, D. C., for complainant.
A. C. Paul, of Minneapolis, Minn., and Edward Rector, of Chicago, Ill., for defendants.

ORR, District Judge. Some months after the opinion was filed in this case, directing that a decree should be presented dismissing the bill, and before any form of decree was submitted, the solicitors for the defendants moved "to suspend the decree and and reopen the case for additional testimony to show abatement of suit." The motion was based upon affidavits tending to show that the plaintiff had assigned the patents in suit to a corporation called the C. A. P. Turner Company, which was organized under the laws of South Dakota, in January, 1915. Shortly after said motion was presented, the plaintiff presented a petition praying that said corporation be permitted to intervene in the present case. Neither the affidavits in support of the defendants' motion nor the petition to intervene exclude the probability that the assignment by the plaintiff to the corporation has not carried with it all damages and profits which might have accrued to the plaintiff prior to the assignment. Neither fixed approximately the time when such assignment was made. It does appear, however, from a certificate of the department of state of South Dakota, that the corporation was formed in January, 1915, and that C. A. P. Turner, of Minneapolis, was one of the original directors.

Inasmuch as the case at bar had been finally heard and was ready for final action, the applications of the parties hereto seem to have been unreasonably delayed. Therefore they have been refused, and a formal decree in accordance with the opinion heretofore filed has been entered this 17th day of January, 1917.